**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

ERNEST HOWARD,                          :
                                        :
      Plaintiff,                   :
                                        :
v.                                      :      Case No. 5:26-cv-27-CAR-ALS
                                        :
Warden SAMPSON, *et al.*,               :
                                        :
                                        :
      Defendants.                  :

## **ORDER**

Plaintiff Ernest Howard, a prisoner at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion requesting the appointment of counsel. (Docs. 1, 14). Plaintiff also filed a notice and motion for an extension of time to object to this Court's recommendation to deny his request for a preliminary injunction. (Docs. 13, 15). Finally, Plaintiff requests an extension of time to comply with this Court's previous order to recast his complaint. (Doc. 16).

### **REQUEST FOR APPOINTED COUNSEL**

A district court "may request an attorney to represent any person unable to afford counsel."[1]  28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a 42 U.S.C. § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is "instead a privilege that is justified

---

[1]The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under 28 U.S.C. § 1915).

only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."  The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not presently justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court.  Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's request for appointed counsel (Doc. 14) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing

legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION FOR AN EXTENSION OF TIME TO FILE OBJECTIONS

Plaintiff filed a motion for preliminary injunctive relief. (Doc. 5). After a review of Plaintiff's motion, a Report and Recommendation was filed on April 30, 2026 that recommended that his request for a preliminary injunction be denied. (Doc. 10). Plaintiff was provided fourteen (14) days to object to the recommendation. *Id*. On May 26, 2026, Plaintiff filed a motion for an extension of time to submit his objections to the recommendation, and on May 27, 2026, Plaintiff filed a notice for an extension of time to submit his objections to the recommendation. (Docs. 13, 15).[2] Plaintiff's motion for an extension of time is **GRANTED** and he will be allowed an additional **FOURTEEN (14) DAYS** from the date of this order to file his written objections.

## MOTION FOR AN EXTENSION OF TIME TO RECAST COMPLAINT

On May 15, 2026, the Court ordered Plaintiff to recast his complaint and provided instructions on how to do so. (Doc. 11). Plaintiff filed a request for an extension of time to comply with the Court's Order just three days later stating he had not yet received the Court's order. (Doc. 16). Plaintiff timely filed a recast complaint on June 8, 2026. (Doc. 17).[3] Accordingly, Plaintiff requests for an extension of time to recast his complaint is **DENIED as Moot.** (Doc. 16).

---

[2] Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, it is assumed that a document is delivered to prison authorities on the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Although the Court did not receive Plaintiff's motions until June 1, 2026, Plaintiff dated them May 26, 2026, and May 27, 2026, respectively. (Docs. 13, at 2, 15, at 1).

[3] Although the Court did not receive Plaintiff's motion until June 1, 2026, Plaintiff dated it June 8, 2026. (Doc. 17, at 23). His motion is therefore timely. *See id*.; *see also* Fed. R. Civ. Proc. 6(a)(1)(C), (d).

**SO ORDERED**, this 22nd day of June, 2026.

s/ ALFREDA L. SHEPPARD
UNITED STATES MAGISTRATE JUDGE