**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ERNEST HOWARD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:26-cv-00027-CAR-ALS** |
| | : | |
| **Warden SAMPSON,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

*Pro se* Plaintiff Ernest Howard, a prisoner at Macon State Prison in Oglethorpe, Georgia, filed a complaint brought under 42 U.S.C. § 1983.  ECF No. 1.  On May 15, 2025, the Court advised Plaintiff of the defects with his complaint and ordered Plaintiff to recast his complaint.  ECF No. 11.  Specifically, Plaintiff was directed that "***The recast complaint cannot exceed ten pages in its entirety.***"   *Id*. at 8 (emphasis in original). Lastly, Plaintiff was cautioned that "**Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**"   *Id*. (emphasis in original).

Thereafter, Plaintiff filed a forty-three (43) page recast complaint that far exceeds the Court's prescribed ten page limit.[1]  *See* ECF No. 17.  Because Plaintiff has failed to comply with an Order of the Court, this civil action is **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F.

---

[1] Plaintiff also did not follow the Magistrate Judge's guidance in drafting his recast complaint and thus his recast contains many of the same defects as his original complaint. *See* ECF Nos. 1, 11, 17.

App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint). Because this civil action is now dismissed, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 18) and his requests for preliminary injunctive relief (ECF Nos. 5, 12) are **DENIED** as moot.

Lastly, the Court notes that Plaintiff has filed repetitive and duplicative motions in this case. *See* ECF Nos. 2, 5, 12, 18. Plaintiff filed a new civil action while this case was pending in which he raises the same claims regarding secondhand smoke that he raised in this civil action. *See* ECF No. 1 at 10, 18-19 in case # 5:26-cv-00233-MTT-ALS, *Howard v. Oliver* (M.D. Ga., transferred from N.D. Ga. June 9, 2026). Plaintiff has been identified as a vexatious litigant who has incurred three strikes and is thus barred under 28 U.S.C. § 1915(g) from bringing a civil action *in forma pauperis* as a prisoner unless he is under imminent danger of serious injury. *See e.g.*, ECF No. 6 in case # 6:05-cv-27-BAE, *Howard v. Perdue* (S.D. Ga. May 31, 2005). It can be an abuse of the judicial process for a vexatious litigant to file repetitive motions and to repeatedly file complaints raising the same claims. Although "[a]ccess to the courts is unquestionably a right of considerable

2

constitutional significance," it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).  "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Id.*  Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants."  *Id.*  These restrictions may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future pro se filings pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See e.g., Daker v. Ward,* No. 5:22-CV-340 (MTT), 2023 WL 2759037, at \*6–7 (M.D. Ga. Apr. 3, 2023), *reconsideration denied,* No. 5:22-CV-340 (MTT), 2023 WL 3727511 (M.D. Ga. May 30, 2023) (permanently enjoining an abusive litigant from filing any lawsuit in the United States District Court for the Middle District of Georgia without first posting a $1,500.00 contempt bond in addition to paying the required filing fee); *Jackson v. Baisden*, No. 1:20-CV-174-LAG-TQL, 2021 WL 4029268, at \*4 (M.D. Ga. Aug. 20, 2021) (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation).  Accordingly, Plaintiff is instructed not to file frivolous and/or duplicative lawsuits and/or motions or he could face sanctions for abusing the judicial process.

**SO ORDERED,** this 15th day of July, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT